## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CASSANDRA DENISE SMITH,
        Appellant,

      v.

DEPARTMENT OF LABOR,
        Agency.

DOCKET NUMBER
CH-315H-16-0421-I-1

DATE: January 6, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cassandra Denise Smith, Mount Sterling, Kentucky, pro se.

Dorothy J. Stephens, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R.§ 1201.113(b).

¶2 On May 31, 2015, the appellant received a career conditional appointment to the competitive service position of a GS-0991-09 Workers' Compensation Claims Examiner, subject to the satisfactory completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 1 at 1, Tab 3 at 1, 6. In May 2016,[2] prior to the completion of her probationary period, she was terminated for performance deficiencies. IAF, Tab 1 at 4, Tab 3 at 1-3, 6. The appellant filed the instant appeal defending her performance and alleging that she was separated from the agency for not meeting unrealistic expectations. IAF, Tab 1 at 6.

¶3 After informing the appellant of her jurisdictional burden and providing her an opportunity to respond, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant did not meet the statutory definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A). IAF, Tab 2 at 2-4, Tab 9, Initial Decision (ID) at 3. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She argues that the administrative judge ignored her substantive arguments, but does not make any

---

[2] There appears to be a discrepancy regarding the effective date of termination. The appellant's Standard Form 50 indicates that the effective termination date was May 27, 2016, IAF, Tab 3 at 6, while the Notice of Termination states that the effective date of termination was May 23, 2016, *id*. at 1. Both dates are within the 1-year probationary period and would result in the same analysis and outcome.

arguments relating to Board jurisdiction. *Id*. at 3-4. The agency has responded to the appellant's petition, arguing that she has not submitted any evidence or argument that would support a reversal of the initial decision and reasserting that she was terminated before the completion of her probationary period. PFR File, Tab 3 at 2‑4.

¶4 There is no dispute that the appellant was appointed to her position on May 31, 2015, subject to a 1-year probationary period. ID at 2; IAF, Tab 3 at 1. She was terminated approximately 1 week before the expiration of the probationary period. ID at 2; IAF, Tab 3 at 6. Thus, it is undisputed that the appellant was terminated while still serving her probationary period. Moreover, the appellant does not allege that she had any prior Federal service that would amount to 1 year of current continuous service, pursuant to 5 U.S.C. § 7511(a)(1)(A)(ii). Additionally, the administrative judge found, and we agree, that the appellant did not allege that her termination was based on preappointment reasons, partisan political reasons, or marital status, thus foreclosing a possible regulatory right to an appeal. ID at 3; *see* 5 C.F.R. § 315.806. Because the appellant failed to make a nonfrivolous allegation that she was not serving a probationary period at the time of her removal or that she had any prior Federal service amounting to 1 year of current continuous service, we agree with the administrative judge's finding that the appellant is not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A). As such, the appellant has no appeal rights before the Board. Accordingly, we find no basis to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.